**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**JOHN BERRY aka JOHN ROE, Defendant**

District Court of American Samoa

TR #131687

March 16, 1994

Before WARD, District Court Judge.

Counsel:        For Plaintiff, Falefatu Utu-Ala`ilima
                For Defendant, Aumoeualogo, Salanoa S.

Order:

This matter came on regularly before the Court on March 11, 1994, on plaintiff's motion to suppress evidence.

The court heard testimony from Sg. Mikaele and Officer Fuifatu. The defendant also gave limited testimony on the extent of his injuries.

The essential facts are as follows: Sgt Mikaele came upon defendant's vehicle in a ditch near Vaitogi. Defendant was injured, (a cut above his

1

eye), and Sgt. Mikaele radioed the O.M.V. substation and the E.M.S. that defendant would be transported to the O.M.V. substation for treatment. After being treated by the E.M.S. at the O.M.V. and after Sgt. Mikaele had left, field sobriety tests were conducted by Officer Fuifatu. Upon Defendant's failure to pass these tests, defendant was subjected to a breathalizer test after being arrested for driving under the influence ("D.U.I").

At some later time in the evening, defendant and his family members were allowed to push his vehicle out of the ditch. This is, at least, what the court understood to be Officer Fuifatu's testimony. Also, at some point after the arrest, Officer Fuifatu inspected the accident scene, most likely at the time the vehicle was removed from the ditch.

The issue before the court is whether the arrest for D.U.I. was valid.

By way of discussion the court notes that Officer Fuifatu had information from Sgt. Mikaele that defendant's vehicle was involved in an accident and the defendant was injured by that accident. As this court has previously ruled, a motorist stopped by a traffic officer may be detained briefly by that officer, upon a reasonable belief that the driver was under the influence, until a qualified officer may be summoned by radio to administer field sobriety tests. This court has also previously ruled that a person who was pursued for a traffic offense by a police officer, apprehended, identified, and taken into custody by another officer, taken to the police station, and subsequently administered field sobriety tests and then arrested for D.U.I. could not have been legally arrested at the police station.

The instant case appears to fall precisely midway between the court's prior rulings. This defendant was in the custody of the police and at the police sub-station when the field sobriety tests were administered. Yet, Sgt. Mikaele was not qualified to administer field sobriety tests and upon first procuring medical attention for the defendant, turned him over to Officer Fuifatu for further investigation. Counsel argued that the previous rulings of this court support their respective positions on the validity of this arrest. Indeed, both are equally correct in that regard.

■   This case is different, however, since it involves a motor vehicle accident. The Legislature has specifically set forth its requirements for a valid arrest of a driver involved in an accident under A.S.C.A. § 22.0803. The requirements are that an officer at the scene of an accident must conduct a persona investigation, and upon reasonable grounds to believe a misdemeanor traffic offense (or infraction) has occurred, issue a traffic citation.

2

■ This court has interpreted this statute as authorizing an investigating officer to view the accident scene and follow any driver involved therein who is receiving medical treatment and, if reasonable grounds exist, to issue that driver a traffic citation.

In the present case only the sequence of the arrest is at odds with the statute. Officer Fuifatu viewed the accident scene after, not before issuing the traffic citation. In a case not involving personal injury caused by a traffic accident, this sequence would likely prove fatal to the validity of the arrest. And, only a valid arrest for D.U.I. invokes the implied consent to chemical testing under A.S.C.A. § 22.0601 *et seq.*

■ Yet A.S.C.A. § 22.0803 does not apply to felonies. Under A.S.C.A. § 22.0708 the injury to *any person* resulting from the operation of a motor vehicle by a person under the influence of intoxicating liquor creates a felony offense. Officers may upon reasonable grounds, arrest persons found near the scene of a felony within a short time after its commission. *See* A.S.C.A. § 46.0805 (3).

Under all of the circumstances, Defendant's *arrest* for driving under the influence was valid. The breathalizer results are therefore admissible as evidence lawfully obtained.

As a logical consequence of this decision, the court is compelled, however, to dismiss, without prejudice, UTC#131687. The validity of the arrest being predicated upon a felony having been committed, A.S.C.A. § 22.0803 does not authorize a uniform traffic citation to serve as a valid summons, complaint, and affidavit for initiating or sustaining a criminal action. *See* A.S.C.A. § § 22.0801, 22.0803, and 22.0810(d).

Nothing prevents the government from refiling a summons, complaint and affidavit in this matter, but uniform traffic citation #131687, issued in violation of A.S.C.A. § 22.0803, cannot sustain the present action.

So ordered.